## BUSCH v
## WEBSTER MANUFACTURING CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4125. Decided Nov 25, 1932

Kunkel & Kunkel, Cincinnati, for Appellee.

Ragland, Dixon & Murphy, Cincinnati, for Appellant.

ALLREAD, J.

We may consider these questions in their order.

It appears from the evidence that Busch was, at the time these negotiations were begun, president of the Ciscoe Machinery Company, but the presidency of this company would not prevent Busch from recovering in case the evidence was sufficient to establish the contract and the right of recovery. The first question is, does the evidence tend to prove the existence of the contract for the payment of commissions?

The evidence shows that the consideration of the proposition covered by the contract covered a period of about one year. Mr. A. T. Perkins represented The Webster Manufacturing Company and Busch was president of the Ciscoe Machine & Tool Company and was endeavoring to make a personal contract with the Webster Co. for the payment of commission.

The negotiations began at Cincinnati. Perkins at that time, according to some

of the testimony, said, "I'll take care of you on any contract you make with the Old-royd people." Perkins was thereupon taken to the Oldroyd Company by Busch and introduced and the coal cutting machines were shown. These negotiations were continued from time to time until completed. There was evidence tending to prove that subsequently the contract with Busch was made definite at two per cent of the selling prices of the machines.

Wilson H. Rucker, a member of the Bar of Hamilton County, was offered as a witness and testified as follows:

"Mr. Perkins stated he would pay Mr. Busch a commission of two per cent of the contract price of two machines to be manufactured for the Oldroyd Company, one machine to cost I think, twenty-five thousand dollars and the other ten thousand dollars."

Harry Neal Smith, also a member of the Bar of Hamilton County, testified that Perkins in the case of Bennett and Utter against the Oldroyd Company admitted that Mr. Busch was the one who really negotiated the contract for commissions.

Perkins wrote a letter to Smith which is shown in the record. In this letter Perkins said,

"We have got to conscientiously state that Mr. Harry Busch is the real fellow that put us in touch with this proposition and that we were through him working on it over a year or more before we met Mr. Utter."

Perkins also admitted, according to the testimony of Smith, that he was paying Busch his commissions on one of the coal cutting machines.

The testimony of Perkins taken in the court below and offered in evidence in this court, is to the effect that this company, to-wit, The Webster Company, had agreed to pay a commission on one of the cutter machines, but would not admit that the contract covered both machines.

In summing up the evidence on the issue as to the agreement to pay commissions on both machines, we are of opinion that the evidence is sufficient to establish the agreement for the payment of the commission upon both machines.

Counsel for the appellant claims that the plaintiff has wholly failed to prove performance of the contract sued upon. We are of opinion, however, that the evidence is sufficient to establish the performance

of the contract for which the suit is brought, by the weight of the evidence, and the only question which remains for this court to determine is as to whether the plaintiff makes out his case under his contract with the Webster Company for the commissions. We are clearly of opinion that the evidence is sufficient to sustain the contract as claimed by plaintiff.

The next question is as to the statute of frauds. It is claimed that the contract is made void by the statute of frauds for the reason that performance of the contract is not to be made within a year. We are clear from the testimony that there was no provision in the contract to postpone the execution thereof beyond the year. This would be necessary to make the contract void. The mere fact that the contract was not entirely performed within a year is of no consequence where the plaintiff, to-wit, Busch, has performed his part of the contract within the year and the failure of the Webster Company to complete its portion of the contract is not actually made within the year. Some authorities have been cited upon this proposition. The first case is Warner v Texas Ry. Company, 164 U.S., 418. The syllabus is as follows: ·

"The clause of the Statute of Frauds which requires a memorandum in writing of 'any agreement' which cannot be performed within the space of one year from the making thereof 'applies only to agreements which according to the intention of the parties as shown by the terms of their contract cannot be performed within a year and not to an agreement which may be fully performed within the year, although the time of performance is uncertain and may probably extend and may have been expected by the parties to extend and does in fact extend beyond a year."

Unless therefore the contract by its terms provides that it is not to be performed within a year, it does not avoid the original contract. Again in the case of **Abbott v Inskeep, 29 Oh St, 51, at page 61**, the Court said:

"It is true that the agreement could not have been performed within a year from the making thereof, and, therefore, under the statute of frauds it could not have been enforced by action. It might, however, have been performed by the parties, and when performed, the parties would have been bound by it; or, if the plaintiff had performed, the defendant would have been

bound to perform it on his part."

The case of **Towsley v Moore, 30 Oh St, 184,** is more nearly applicable to the present controversy. In that case it was stated in the syllabus that,

"Although an action cannot be maintained upon a verbal contract not to be performed within one year, yet when such contract has been fully performed by one party, the other having obtained its benefits, he cannot refuse to pay the reasonable value thereof."

Under the rule in this case it is clear that if Busch performed the contract on his behalf he was entitled to recover, notwithstanding the fact that the original contract did not provide for the performance thereof within a year. It is therefore apparent that the plaintiff having performed his part of the contract by securing the contract with the Oldroyd Co. and being entitled to recover within the year, the fact that the original contract upon which the plaintiff's contract depended even the contract is not to be fully performed within a year does not avoid the plaintiff's contract or prevent his recovery. We are therefore of opinion that Busch is entitled to recover his commissions for both machines and the judgment in this case must be the same as that of the lower court. Judgment accordingly.

HORNBECK and KUNKLE, JJ, concur.